MONONGAHELA POWER COMPANY, the Potomac Edison Company, West Penn Power Company, Plaintiffs,

v.

John O. MARSH, Jr., Lieutenant General John W. Morris, Colonel Max R. Janairo, Jr., Colonel Joseph A. Yore, Corps of Engineers, Defendants,

The State of West Virginia, the Sierra Club, West Virginia Highlands Conservancy, National Wildlife Federation, Environmental Defense Fund, the National Audubon Society, Intervenors–Defendants.

Civ. A. No. 78–1712.

United States District Court, District of Columbia.

Sept. 8, 1988.

As Corrected Nov. 9, 1988.

David I. Granger, Clifford & Warnke, Washington, D.C., for plaintiffs.

Bradley S. Bridgewater, Environmental Defense Section, Land and Natural Resources Div., Dept. of Justice, Washington, D.C., for defendants.

Ronald J. Wilson, Washington, D.C., C. William Ullrich, First Deputy, Atty. Gen.'s Office, State of W. Va., Charleston, W. Va., for intervenors-defendants.

## MEMORANDUM

JOHN LEWIS SMITH, Jr., District Judge.

On July 25, 1988 this Court granted plaintiffs' motion for summary judgment on their claim that the Corps denied them the opportunity to submit meaningful comments on a number of documentary materials and ex parte communications. The Corps has moved for reconsideration of that decision alleging that the Court disregarded several of its factual and legal arguments. For the reasons set forth in the following discussion, the Court has concluded that the motion for reconsideration must be denied.

### The Corps' Failure to Provide Plaintiffs with Notice and Opportunity to Comment on Documentary Materials

The Corps first contends that because the District Engineer is obligated to make all section 404 hearing files available for public inspection, *see* 33 C.F.R. § 327.5(b) (1977), the Court erred by holding that the Corps denied plaintiffs notice and an opportunity to comment on a number of documentary materials in its files which related to significant facts and conclusions in the District Engineer's findings of fact. The Court fully considered and rejected this contention in the Corps' first volley of arguments and rejects it again as re-emphasized in the motion for reconsideration.[1] By relying on 33 C.F.R. § 327.5(b)

---

1. ERRATUM– On page 10 of the Court's opinion, the 1972 memorandum criticizing plaintiffs' evaluation of the environmental impacts of the Davis project was referred to as a final draft "submitted by the Corps to the FPC." This document was actually a preliminary draft of the

as an excuse for its failure to provide plaintiffs affirmative notice and an opportunity for comment on the documents in question, the Corps would have the Court disregard the Corps' agreement to "notify plaintiffs whenever any major substantive comments or materials were received concerning the permit application", Stipulation at ¶ 10, and the District Engineer's agreement to furnish plaintiffs with copies of all correspondence received in his office, Stipulation at ¶ 18. It is neither sufficient, nor reasonable, in this Court's opinion, for the Corps to retroactively resort to the convenient language of 33 C.F.R. § 327.5(b), as an explanation for its failure to notify plaintiffs about the documentary materials at issue. Stated more particularly, plaintiffs were entitled to rely on the Corps' representations that they would be notified of all material comments and documents received by the Corps and provided with copies of all correspondence received in the District Engineer's office, and not be encountered by numerous factual findings and conclusions that had been based on documentary materials they had never seen nor had the opportunity to comment on, only to then be confronted by the Corps' sharp post hoc argument that it did not have any obligation to provide plaintiffs with the documents in question beyond "making its files available for public inspection".

■ The Court also again rejects the Corps' arguments that internal comments, reports or criticisms were exempt from the understanding between the parties regarding the disclosure of comments and documents. As previously noted, such internal comments and reports should be disclosed because they have potentially critical consequences in administrative proceedings and "may be biased, inaccurate, or incomplete failings which adversary comment may illuminate". *Home Box Office v. FCC* 567 F.2d 9 at 55 (D.C.Cir.1977).

### Ex Parte Contacts

■ Defendants' principal contention regarding the Court's conclusions in re-

spect to its failure to document the substance of ex parte contacts in the record is that plaintiffs forfeited their right to complain about such contacts by not raising their concerns before the Corps during the administrative proceedings, citing *United States v. Tucker Truck Lines, Inc.,* 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54 (1952). The Court finds *Tucker* inapposite under the facts of this case. In *Tucker,* the Court held that the appellee had failed to preserve any complaint on appeal regarding the jurisdiction of a hearing examiner because he never raised any such complaint before the agency. Unlike *Tucker,* where the appellee could have asserted his jurisdictional argument from the outset of the administrative proceedings, here, plaintiffs were not made aware of the substance of ex parte contacts until after the District Engineer's decision had been released. As such, their concerns were not mere afterthoughts as was the jurisdictional complaint raised in *Tucker.* Further, as previously concluded, the Corps had an obligation to document such contacts in the record for the purposes of assuring meaningful public comment and effective judicial review. *See Home Box Office v. FCC,* 567 F.2d 9, 54, 57 (D.C.Cir.1977).

### Prejudicial Consequences of the Corps' Failure to Provide an Opportunity for Meaningful Comment

■ The remainder of the Corps' arguments essentially allege that the Court failed to take due account of the harmless error rule, arguing that the Court did not consider whether the procedural errors in question "infected" either of the first two of the Corps' bases for its decision to deny the permit. These matters were thoroughly discussed in the Court's opinion. The Court will emphasize again however that aside from the inherent barriers against effective judicial review on an incomplete administrative record as a result of the deficiencies in the Corps' notice and com-

---

final memorandum submitted to the FPC. The final draft submitted to the FPC contained no

such similar criticisms.

ment procedures in this matter, it is equally difficult for the Court to conclude from an incomplete record whether but for the procedural errors the agency might have reached a different result. *See Salt River Project Agricultural Improvement and Power District v. United States,* 762 F.2d 1053, 1060 n. 8 (D.C.Cir.1985). The Court accordingly rejects the Corps' claims that the procedural errors in question do not mandate remanding this matter for new proceedings in which both plaintiffs and the public will be given notice and an opportunity to submit meaningful adversarial comment on a complete administrative record.